Filed
12/6/2016 5:34:12 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Michelle Jensen

CAUSE NO. 16-DCV-237556

| | | |
|---|---|---|
| **ERIC BROWN, MICHELLE BROWN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| ***Plaintiffs*,** | § | |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **LIBERTY INSURANCE CORPORATION,** | § | |
| | § | Fort Bend County - 268th Judicial District Court |
| ***Defendant*.** | § | **268th JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ERIC BROWN and MICHELLE BROWN (the "BROWNS" and/or "Plaintiffs"), and complains of LIBERTY INSURANCE CORPORATION ("LIBERTY INSURANCE" and/or "Defendant"). In support of such claims and causes of action, Plaintiffs respectfully show unto this Honorable Court and Jury as follows:

## I. DISCOVERY CONTROL PLAN

1.1 Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiffs affirmatively plead this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiffs seek monetary relief over $100,000.

## II. PARTIES

2.1 Plaintiffs, ERIC BROWN and MICHELLE BROWN, are residents of Fort Bend County, Texas.

**EXHIBIT "A"**

2.2 Defendant, LIBERTY INSURANCE CORPORATION, is a foreign company engaged in the business of insurance in this state. It may be served with process by serving its registered agent, Corporation Service Company, by certified mail, return receipt requested, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found. Plaintiffs request citation be issued at this time.

## III. JURISDICTION AND VENUE

3.1 This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2 Venue is proper in Fort Bend County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Fort Bend County, Texas.

## IV. AGENCY AND RESPONDEAT SUPERIOR

4.1 Whenever in this Petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

## V. CONDITIONS PRECEDENT

5.1 All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. FACTS APPLICABLE TO ALL COUNTS

6.1 The BROWNS are the owners of a Texas Homeowner's Policy number H3729840129940 issued by LIBERTY INSURANCE (the "Policy").

6.2    The BROWNS own the insured property, which is specifically located at 827 Deer Hollow Drive, Sugar Land, Texas 77479 (the "Property").

6.3    LIBERTY INSURANCE, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiffs.

6.4    On or about May 26, 2015 and January 8, 2016, the BROWNS experienced storms that damaged the Property.  In its track, the storms left behind widespread damage to the Property, Plaintiffs' home.

6.5    The BROWNS timely submitted claims to LIBERTY INSURANCE.  LIBERTY INSURANCE assigned various adjusters to adjust the claims.  However, LIBERTY INSURANCE and its agents were not diligent in investigating Plaintiffs' losses.  LIBERTY INSURANCE failed to timely and accurately investigate the covered losses.  LIBERTY INSURANCE assigned claim numbers 032069712 and 033659657 to the BROWNS' claims.

6.6    Ultimately, LIBERTY INSURANCE, inspected the BROWNS' property after the storms.  During the inspection, LIBERTY INSURANCE, was tasked with the responsibility of conducting a thorough and reasonable investigation of the BROWNS' claims, including determining the causes of, and then quantifying the damage done to the BROWNS' home.

6.7    LIBERTY INSURANCE prepared repair estimates which did not account for all of the covered damages.  Further, even the damages that were accounted for were vastly under-scoped.  Thus, Defendant LIBERTY INSURANCE demonstrated it did not conduct a thorough investigation of the claims.

6.8    Defendant LIBERTY INSURANCE failed to fairly evaluate and adjust the BROWNS' claims as they are obligated to do under the Policy and Texas law.  By failing to properly investigate the claims and wrongfully denying full coverage to the BROWNS,

LIBERTY INSURANCE engaged in unfair settlement practices by misrepresenting material facts to the BROWNS.

6.9     Defendant LIBERTY INSURANCE failed to perform its contractual duty to adequately compensate the BROWNS under the terms of the Policy.  Specifically, Defendant LIBERTY INSURANCE failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the BROWNS.  Defendant LIBERTY INSURANCE's conduct constitutes a material breach of the insurance contract.

6.10    Defendant LIBERTY INSURANCE misrepresented to the BROWNS that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1).

6.11    Defendant LIBERTY INSURANCE's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of losses to the BROWNS.  Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section specified in Tex. Ins. Code § 541.051(1)(B).

6.12    Defendant LIBERTY INSURANCE failed to make an attempt to settle the BROWNS' claims in a prompt and fair manner, although they were aware of its liability to the BROWNS was reasonably clear under the Policy.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendant LIBERTY INSURANCE failed to explain to the BROWNS why full payment was not being made.   Furthermore, Defendant did not communicate that future

payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle the BROWNS' claims, in violation of Tex. Ins. Code § 541.060(a)(3).

6.14    Defendant LIBERTY INSURANCE failed to affirm or deny coverage of the BROWNS' claims within a reasonable time.  Specifically, the BROWNS did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(4).

6.15    Defendant LIBERTY INSURANCE refused to fully compensate the BROWNS under the terms of the Policy, even though Defendant failed to conduct reasonable investigations. Specifically, Defendant LIBERTY INSURANCE performed a results/outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair and inequitable evaluation of the BROWNS' losses to the Property.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant LIBERTY INSURANCE misrepresented the insurance policy sold to the BROWNS by (1) making an untrue statement of material fact regarding coverage; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4)  making a material misstatement of law;  and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17     Defendant LIBERTY INSURANCE failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claims, beginning an investigation of the BROWNS' claims, and requesting all information reasonably necessary to investigate the BROWNS' claims within the statutorily mandated deadline.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.055.

6.18     Defendant LIBERTY INSURANCE failed to accept or deny the BROWNS' full and entire claims within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.056.

6.19     Defendant LIBERTY INSURANCE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs' claims longer than allowed and, to date, the BROWNS have not yet received full payment for their claims.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.058.

6.20     From the point in time the BROWNS' claims were presented to Defendant LIBERTY INSURANCE, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear.  However, Defendant LIBERTY INSURANCE has refused to pay the BROWNS in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21     As a result of Defendant's wrongful acts and omissions, the BROWNS were forced to retain the professional services of the attorney and law firm who are representing the

BROWNS with respect to these causes of action. On or about August 1, 2016, the BROWNS' counsel sent a letter of representation requesting various documents related to the storms.

6.22    On or about October 4, 2016, the BROWNS' counsel sent a Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code Notice and Demand letter the Defendant. The letter informed Defendant of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiffs' claims and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendant with the statutorily mandated sixty days to respond, and an opportunity to resolve the claims without extended litigation costs. Defendant acknowledged the letter, then maintained its previous claims stance and denied the Demand in its entirety in a letter to the BROWNS' counsel dated November 29, 2016; satisfying the statutory requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty-day time period to attempt to resolve the claim before a petition is to be filed.

6.23    To date, Defendant LIBERTY INSURANCE has failed to and refused to pay the BROWNS for the proper repair of the property. The BROWNS' experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. COUNTS

7.1    Plaintiffs incorporate by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

7.2    **COUNT 1 – BREACH OF CONTRACT**

a.      At the time of the loss, Plaintiffs had valid, enforceable insurance contract in place, issued by Defendant (the "Policy"). Plaintiffs were the insureds of the contract. Plaintiffs fully performed their contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b.      According to the Policy that Plaintiffs purchased, Defendant LIBERTY INSURANCE had the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiffs' home has been damaged.

c.      Defendant LIBERTY INSURANCE's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant LIBERTY INSURANCE's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

7.3    **COUNT 2 –  PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.**

a.      Under the Texas Insurance Code, Defendant LIBERTY INSURANCE had a duty to investigate and pay Plaintiffs' claims under the Policy in a timely manner. Defendant LIBERTY INSURANCE violated Chapter 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claims; (2) requesting information needed to investigate the claims; (3) communicating with its insured regarding the status

of its investigations, including failing to accept or reject Plaintiffs' claims in writing within the statutory timeframe; (4) conducting its investigation of the claims; and (5) paying the claims.

b. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this Petition. Defendant LIBERTY INSURANCE is therefore liable under Chapter 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c. Additionally, if it is determined Defendant LIBERTY INSURANCE owes Plaintiffs any additional money on Plaintiffs' claims, then Defendant has automatically violated Chapter 542 in this case.

**7.4 COUNT 3 – UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.**

a. As an insurer, Defendant LIBERTY INSURANCE owes statutory duties to Plaintiffs as its insured. Specifically, the Texas Insurance Code prohibits Defendant LIBERTY INSURANCE from engaging in any unfair or deceptive act or practice in the business of insurance.

b. By its acts, omissions, failures, and conduct, Defendant LIBERTY INSURANCE has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiffs' claims, plus Defendant's failure to pay for the proper repair of the Plaintiffs' home on which liability had become reasonably clear. They further include

Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant LIBERTY INSURANCE are guilty of the following unfair insurance practices:

      i.     Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

      ii.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability had become reasonably clear;

      iii.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of claims or for the offer of a company's settlement;

      iv.     Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time;

      v.     Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claims; and

      vi.     Misrepresenting the insurance policy sold to Plaintiffs by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

c. Defendant LIBERTY INSURANCE has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this Petition.

d. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this Petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

**7.5 COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

a. Plaintiffs are individuals who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from the Defendant. They also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods", as defined by the DTPA. This qualifies Plaintiffs as consumers of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code. The Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b. By its acts, omissions, failures, and conduct that are described in this Petition, Defendant LIBERTY INSURANCE has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA. In this respect, Defendant's violations include without limitation:

i. Unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claims, during which Defendant employed a series of

alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiffs as to whom was representing whom, and had whose best interests in mind. This gives Plaintiffs the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

ii. As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA;

iii. As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv. As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(12) of the DTPA;

v. Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiffs the right to recover under Section 17.46(b)(13) of the DTPA;

vi. Defendant breached an express and / or implied warranty that the damage caused by the subject storms would be covered under the insurance policies. This entitles the Plaintiffs to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii. Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed. This gives Plaintiffs the right to recover under Section 17.46(b)(24) of the DTPA;

viii. Defendant's actions, as described in this Petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

ix. Defendant's conduct, acts, omissions, and failures as described in this Petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

c. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this Petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

7.6 **COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

a. By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claims without any reasonable basis, and by failing to conduct a

reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claims, and by failing to settle Plaintiffs' entire claims because Defendant knew or should have known that it was reasonably clear that the claims were covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

7.7    **COUNT 6 – MISREPRESENTATION**

a.    Defendant LIBERTY INSURANCE is liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant LIBERTY INSURANCE did not inform Plaintiffs of certain exclusions in the policy. Misrepresentations were made by Defendant LIBERTY INSURANCE or its agents, with the intention that they should be relied upon and acted upon by Plaintiffs, who relied on the misrepresentations to their detriment. As a result, Plaintiffs have suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant LIBERTY INSURANCE is liable for these actual consequential and penalty-based damages.

## VIII. WAIVER AND ESTOPPEL

8.1    Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiffs.

## IX. DAMAGES / CLAIMS FOR RELIEF

9.1 All the damages described and sought in this Petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief over $100,000 but not more than $200,000.

9.2 The above described acts, omissions, failures, and conduct of Defendants caused Plaintiffs' damages, which include, without limitation, (1) the cost to properly repair Plaintiffs' home, (2) any investigative and engineering fees incurred by Plaintiffs, (3) court costs, and (4) attorney's fees. The Plaintiffs are entitled to recover consequential damages from Defendants' breach of contract. The Plaintiffs are also entitled to recover the amount of Plaintiffs' claims plus an 18% per annum penalty on the claims against Defendants as damages under Chapter 542 of the Texas Insurance Code, plus prejudgment interest.

9.3 Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allows recovery of up to three times economic damages. Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiffs are entitled to recovery of up to three times actual damages. Plaintiffs are further entitled to the additional damages that are authorized by Chapter 541 of the Texas Insurance Code.

9.4 Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the

imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. ATTORNEY'S FEES

10.1     As a result of Defendant's conduct that is described in this Petition, Plaintiffs have been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees. Plaintiffs are entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI. DISCOVERY

11.1     Under Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l). Plaintiffs' Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this Petition, and incorporated herein by reference.

## XII. JURY DEMAND

12.1     Plaintiffs demand a jury trial and tenders the appropriate fee with this Petition.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ERIC BROWN and MICHELLE BROWN pray that Defendant LIBERTY INSURANCE CORPORATION be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as

to economic damages, actual damages, consequential damages, statutory penalty interest, treble

damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all

punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of

attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and

post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at

law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By:  /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**



CSC
CORPORATION SERVICE COMPANY

**null / ALL**
**Transmittal Number: 16065019**
**Date Processed: 01/04/2017**

# Notice of Service of Process

**Primary Contact:** Bruce Buttaro
Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02116

| | |
|---|---|
| **Entity:** | Liberty Insurance Corporation<br>Entity ID Number 2538339 |
| **Entity Served:** | Liberty Insurance Corporation |
| **Title of Action:** | Eric Brown vs. Liberty Insurance Corporation |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County District Court, Texas |
| **Case/Reference No:** | 16-DCV-237556 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/04/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Jesse S. Corona<br>281-882-3531 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscglobal.com

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

**TO: LIBERTY INSURANCE CORPORATION**
**C/O CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **December 06, 2016,** a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office. Our street address is 1422 Eugene Heimann Circle, Richmond, Texas 77469. We are located on the first floor of the Courthouse building.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed **on December 06, 2016.** It bears cause number **16-DCV-237556** and is styled:

**ERIC BROWN, MICHELLE BROWN VS LIBERTY INSURANCE CORPORATION**

The name and address of the attorney for **PLAINTIFF** is:

**JESSE S. CORONA**
**THE CORONA LAW FIRM PLLC**
**521 N SAM HOUSTON PKWY E STE 420**
**HOUSTON TX 77060**
**281-882-3531**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 14th day of December, 2016.**

**DISTRICT CLERK ANNIE REBECCA ELLIOTT**
**Fort Bend County, Texas**

By:____________________
**Deputy District Clerk VANESSA VASQUEZ**
**Telephone:** (281) 341-3754

DISTRICT COURT OF FORT BEND COUNTY, TEXAS

**SERVICE**

**16-DCV-237556** **268th Judicial District Court**
**Eric Brown, Michelle Brown vs Liberty Insurance Corporation**

**OFFICER'S OR AUTHORIZED PERSON'S RETURN**

Came to hand on the _________ day of ____________________, 20__, at _____ o'clock ___M. Executed at __________________________________________________, within the County of __ ______________________________________________, at ____o'clock ___M* on the ________ day of _ __________________________, 20__, by delivering to the within named __________________________ ______________________________________________, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $__________________

______________________________________________
Name of Officer or Authorized Person

_________________________________County, Texas

By:___________________________________________
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is ________________________________________________________________________,
(First, Middle, Last)

my date of birth is____________________, and my address is ______________________________________
(Street, City, Zip)

________________________________________________________________________________."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in ______________________________ County, State of __________________________, on the

day of __________________________________.

______________________________________
Declarant / Authorized Process Server

______________________________________
(Id # & expiration of certification)

SERVICE